UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SNODGRASS-KING PEDIATRIC DENTAL ASSOCIATES, P.C., and DAVID J. SNODGRASS, | ) ) ) ) | |
| Plaintiffs, | ) ) | NO. 3:14-cv-00654 JUDGE CRENSHAW |
| v. | ) ) | |
| DENTAQUEST USA INSURANCE CO., INC., | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

On September 6, 2016, the Court entered a show cause order, asking the parties to identify, document by document, which documents should remain under seal. (Doc. No. 243.) On September 21, 2016, Plaintiffs ("Snodgrass") responded to the show cause order (Doc. No. 249), and only cited the documents it does not object to remaining under seal. DentaQuest responded with reasons why some of the documents should remain under seal. (Doc. No. 246.)

To overcome the presumption of public access in a judicial document, the "proponent of sealing must provide compelling reasons to seal the documents and demonstrate that the sealing is narrowly tailored to those reasons, specifically, by 'analyz[ing] in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" Beauchamp v. Federal Home Loan Mortgage Co., No. 15-6067, 2016 WL 3671629, at *4-5 (6th Cir. Jul. 11, 2016) (quoting Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan, Nos. 15-1544, 1551, 1552, 2016 WL 3163073, at *3 (6th Cir. June 7, 2016)). Generally, "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is

typically enough to overcome the presumption of [public] access." Rudd Equipment Co., Inc. v. John Deere Construction & Forestry Co., --- F.3d ---, 2016 WL 4410575, at *4 (6th Cir. July 27, 2016) (quoting Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 546 (7th Cir. 2002)).

DentaQuest first asks for a myriad of documents to remain under seal, grouping them as "Information and analyses concerning other providers." This does not come close to the Shane Group standard. First, DentaQuest does not analyze each document, but instead groups the documents together. Second, DentaQuest claims these are trade secrets, but it does not cite any legal authority, such as a statute or common law privilege, to support its assertion. DentaQuest also claims that some of these documents have taxpayer identification numbers, but taxpayer information must be redacted and thus would not justify sealing the remainder of the documents. DentaQuest also groups in this request concerns about third parties, but it does not distinguish whether these third parties are like the innocent third party bank customers in Knoxville News—Sentinal, 723 F.3d 470, 476 (6th Cir. 2016), or like the third party hospitals in Shane Group. In short, DentaQuest, the proponent of sealing, has not "analyzed in detail, document by document, the propriety of secrecy, providing reasons and legal citations." Beauchamp, 2016 WL 3671629, at *4-5. This request is **DENIED**.

DentaQuest next argues that a variety of documents reveals "DentaQuest's confidential business information including network development strategy and Tennessee network development planning." (Doc. No. 246 at 2.) Again, DentaQuest makes conclusory assertions that the information in each of these documents constitutes trade secrets with no analysis "document by document," and contains no legal reasons, argument, or citations. The request to seal these documents is **DENIED**.

DentaQuest argues that the two settlement agreements should remain under seal. There is no reason these should remain under seal, especially when they are going to be offered into evidence at trial in public court. This request is **DENIED**.

DentaQuest last asks that the Requests for Admissions and responses thereto remain under seal because they contain confidential financial information. Again, there is no legal citation or analysis for each document on why these should remain under seal. This request is **DENIED**.

For the foregoing reasons, on November 4, 2016 the Court will lift the seal on all documents in this case absent further filings by the parties.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE